IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> HRD CORPORATION d/b/a § <br> MARCUS OIL & CHEMICAL, § <br> § <br> Debtor. § | CASE NO. 11-36020-H5-11 |

| | |
|---|---|
| HRD CORPORATION d/b/a § <br> MARCUS OIL & CHEMICAL, § <br> § <br> Plaintiff § <br> v. § <br> § <br> DR. EBRAHIM BAHERZADEH, § <br> JPMORGAN CHASE BANK, N.A., and § <br> COMMUNITY BANK OF TEXAS § <br> § <br> Defendants. § | ADV. NO. _____ |

**PLAINTIFF'S ORIGINAL COMPLAINT TO AVOID
PREFERENTIAL TRANSFER AND TO TURNOVER PROPERTY**

**COMES NOW,** HRD Corporation d/b/a Marcus Oil & Chemical ("HRD" or "Plaintiff") complains against Dr. Ebrahim Baherzadeh, JPMorgan Chase Bank, N.A. and Community Bank of Texas ("Defendants") and files this action pursuant to 11 U.S.C. §§ 542 and 547, to avoid a judicial lien that was perfected within 24 hours prior to the filing of this case and to require Defendant to return funds to HRD, and in support of same would show:

**JURISDICTION**

1.  HRD filed a voluntary petition seeking relief under Chapter 11 on Tuesday, July 12, 2011.

2.  The Court has jurisdiction of this matter pursuant to 28 U.S.C.§§ 1134 (a) and (b)

and 157 (b)(2)(B) and (1) and 11 U.S.C. § 542 and 547.

3. This is a core proceeding pursuant to 28 USC § 157(2)(A), (E) and (F).

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PARTIES

5. Plaintiff is the Chapter 11 Debtor in this case, and has its primary offices located at 14549 Minetta, Houston, Texas. It may be served through the undersigned counsel. The last four digits of the EIN are 5067.

6. Dr. Ebrahim Bagherzadeh is an individual who can be served with process pursuant to Bankruptcy Rule 7004 (b) (1)(7), by serving him at Gables Metropolitan Uptown, 3300 Sage Road, Apt. 3105, Houston, Texas 77056.

7. JPMorgan Chase Bank, N.A. is a national bank ("Chase Bank") and may be served with process pursuant to Bankruptcy Rule 7004 (b) (3)(7), by serving it registered agent for purposes of service, CT Corporation System, 350 N. St. Paul St, Suite 2900, Dallas, Texas 75201-4234.

8. Community Bank of Texas is a bank ("Community Bank") and may be served with process pursuant to Bankruptcy Rule 7004 (b) (3)(7), by serving its president or any of its vice presidents at 5999 Delaware Street, Beaumont, TX 77706.

## BACKGROUND FACTS

9. On March 24, 2011, in Civil Action No. 4:10-CV-01747, *HRD Corporation d/b/a Marcus Oil & Chemical v. Bagherzadeh*, a judgment was entered confirming an arbitration award in favor of Defendant in the amount of $20,829,760.63.

10. On July 11, 2011, Dr. Bagherzadeh obtained two writs of garnishment and before the close of business, caused those writs to be served on JPMorgan Chase Bank, N.A. and on Community Bank of Texas. These two garnishments trapped $1,447,573.90 between the two accounts.

11. On July 12, 2011, Plaintiff filed this Chapter 11 case.

12. The garnishments did serve to freeze virtually all of the funds that Plaintiff had to operate its business.

13. Under Texas law, the service of the garnishments gives rise to a pre-petition lien on the money and property subject to the writ.

## COUNT ONE
## AVOIDANCE OF PREFERENTIAL TRANSFERS, 11 USC § 547

14. The allegations of paragraphs 1 through 11 above are incorporated herein by reference.

15. Pursuant to 11 U.S.C. §§ 1107 and 547(b), the Debtor Plaintiff has the right to seek avoidance of any transfers that occurred within 90 days of the bankruptcy filing if such transfer was

"(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) that enables such creditor to receive more than such creditor would receive if
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

16. There is little doubt that the transfer of the judgment lien on the garnished funds under Texas law within 24 hours of the filing of this case was a clear preferential transfer subject to avoidance.

17. Pursuant to 11 USC § 550, the Debtor is entitled to recover the transfer or its value.

18. Debtor is entitled to judgment avoiding the garnishment as a preferential transfer and for recovery and turnover of the funds on deposit in Debtor's name or for Debtor's benefit with Defendants Chase Bank and Community Bank.

## COUNT TWO
## TURNOVER OF GARNISHED FUNDS

19. The allegations of paragraphs 1 through 11 above are incorporated herein by reference.

20. The Debtor Plaintiff has clear authority pursuant to 11 U.S.C. § 1107 to pursue to turnover of property of the Estate pursuant to 11 U.S.C. § 542, which provides that any entity, other than a custodian shall turnover property of the Estate to the Debtor.

21. There is no argument that the funds in the two bank accounts is property of this bankruptcy estate.

22. Since the judicial lien that arose when the garnishment was served less than twenty-four (24) hours prior to the filing of this case was a clearly avoidable preference, these funds should be released to the Debtor Plaintiff.

WHEREFORE, PREMISES CONSIDERED, HRD Corporation d/b/a Marcus Oil & chemical prays that this Court enter a judgment that avoids the judicial liens that attached to the

garnished funds upon the service of the garnishment as a preferential transfer, and for turnover of the funds to the Debtor Plaintiff, and for such other relief to which it may be entitled.

    Respectfully submitted,

    ROGERS & ANDERSON, PLLC

    /s/ David W. Anderson
    David W. Anderson
    TBN 01174350
    Barbara M. Rogers
    TBN 17163200
    1415 N. Loop West, Suite 1020
    Houston, TX   77008
    713-868-4411
    713-868-4413 (fax)
    dwanderson@ralaw.net
    brogers@ralaw.net
    ATTORNEY FOR HRD CORPORATION
    d/b/a MARCUS OIL & CHEMICAL