UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRD CORPORATION d/b/a<br>MARCUS OIL & CHEMICAL<br><br>DEBTOR | §<br>§<br>§<br>§ | Case No. 11-36020<br>Chapter 11 |

### MARCUS OIL & CHEMICALS PVT. LTD.'S
### CHALLENGE TO PERSONAL JURISDICTION
### AND EMERGENCY MOTION TO QUASH

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE KAREN K. BROWN, U. S. BANKRUPTCY JUDGE:

MARCUS OIL & CHEMICALS PVT, LTD. ("Marcus Oil India") files this Challenge to Personal Jurisdiction and Emergency Motion to Quash a subpoena deposition, and shows:

I.   PRELIMINARY STATEMENT

Ebrahim Bagherzadeh ("Bagherzadeh"), an unsecured creditor in this bankruptcy proceeding, seeks to compel the deposition of and production of documents by the corporate representative of Marcus Oil India, a stranger to this proceeding, at the offices of Bagherzadeh's attorneys in Houston, Texas. Marcus Oil India is a foreign company located in the country of

India, and it has no offices or operations in the United States. The subpoena of Marcus Oil India should be quashed and an order for protection entered for the following reasons:

- Marcus Oil India does not have minimum contacts with this forum
- Bagherzadeh has not complied with the requirements of the Hague Convention
- The subpoena is fatally defective, both in its form and in the manner in which it was served.
- The location of the deposition is unreasonable as a matter of law
- The designated subjects and documents requested are privileged and/or confidential

II.  FACTUAL BACKGROUND

Marcus Oil India is a foreign company entirely located in the nation of India that refines petroleum into polyethylene wax. Marcus Oil India has no location or facilities in the United States, and makes no direct sales to persons or entities located in the United States, though it does to Europe. Marcus Oil India's sole known contact with this forum is that it has consigned products in the past to HRD Corporation ("HRD"), the debtor in this bankruptcy, though Bagherzadeh alleges that patents have been assigned by HRD to Marcus Oil India.

On September 15, 2011, Bagherzadeh, a judgment creditor of HRD (but not of Marcus Oil India), issued a subpoena, seeking to compel the deposition of and production of documents by Marcus Oil India. The location for the deposition and production was specified as "Beck Redden & Secrest, 1221 McKinney, Suite 4500, Houston, Texas 77010[.]"[1] Per the subpoena, the deposition is scheduled to take place on "Oct. 17, 2011 at 10:00 a.m."[2]

The subpoena is addressed to "Marcus Oil & Chemicals, PVT, a/k/a Marcus Oil & Chemicals PVT, Ltd., a/k/a Marcus Oil & Chemicals Private Limited C/O AZIZ HASSAN, PRESIDENT 1127 Sugar Creek Blvd., SUGARLAND, TX[.]"[3] Aziz Hassan is not the president

---

[1] See Subpoena, a true and correct copy of which is attached as Exhibit "A."
[2] Exhibit A.
[3] Id.

of Marcus Oil India, nor is he an authorized agent for service of process upon Marcus Oil India.[4] Also, no witness fee, mileage allowance, or subsistence allowance was tendered with the subpoena.[5]

The subpoena contains (a) a set of designated "subjects of examination"; and (b) a set of requests for the production of documents. The "subjects of examination" and "documents to be produced" listed in the subpoena encompass a wide swath of subjects, none of which are limited in time, including, but not limited to, the following:

- All debts owed by HRD to Marcus Oil India, including, but not limited to, loans.[6]
- All patents and patent related transactions involving Marcus Oil India and HRD.[7]
- All sales, consignments and/or shipments between Marcus Oil India and HRD, and/or any customer of Marcus Oil India.[8]
- All intellectual property of either HRD and/or Marcus Oil India.[9]
- All financial records of Marcus Oil India related to any transactions of any kind between Marcus Oil India and HRD.[10]

Disclosure of the foregoing matters, whether by testimony or production of documents, would require Marcus Oil India to divulge confidential trade secrets and business information from which it derives its competitive advantage (e.g., customer lists, pricing information, and the details of various patented processes, as well as those for which patent applications may be pending), as well as attorney-client communications and attorney work product in connection with the application for and prosecution of various patents.

---

[4] Declaration of Aziz Hassan, attached as Exhibit "B."
[5] See Exhibit A and Exhibit B.
[6] Exhibit A.
[7] Id.
[8] Id.
[9] Id.
[10] Id.

Accordingly, Marcus Oil India moves that the subpoena be quashed or, alternatively, modified, and for protection.

## III. MOTION TO QUASH

### A. FED. R. CIV. P. 12(b)(2) – Lack of Personal Jurisdiction

Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed.[11] The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a non-resident party.[12] Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate party that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[13] Where the action before the court does not arise out of the foreign corporation's activities within the forum, Due Process may be satisfied only if the nonresident corporation's contacts with the forum are so continuous and systematic as to justify personal jurisdiction.[14]

Unfortunately for Bagherzadeh, such is not the case here. Even giving maximum benefit of the doubt to Bagherzadeh, the Marcus Oil India's contact with the forum is limited to (a) its consignment of products to HRD; and (b) HRD's assignment of patent rights to Marcus Oil India. To begin with, HRD's assignment to Marcus Oil India cannot satisfy Due Process because the unilateral activity of those who claim some relationship with a nonresident party cannot satisfy the requirement of contact with the forum.[15]

---

[11] See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 1570 (1999) (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937)).
[12] See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 1872 (1984).
[13] See *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).
[14] See *Hall*, 466 U.S. at 415-17, 104 S.Ct. at 1873-74.
[15] See *Hall*, 466 U.S. at 417, 104 S.Ct. at 1873; *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

As to the consignment arrangement between HRD and Marcus Oil India, the arrangement created no obligation on the part of Marcus Oil India to HRD or any other person or entity within the forum. Moreover, the claim asserted by Bagherzadeh in this action is neither against Marcus Oil India, nor does it arise out of the consignment arrangement. As such, the consignment arrangement is not sufficient by itself.[16]

Accordingly, this Court lacks personal jurisdiction over Marcus Oil India, and the subpoena should be quashed.

### B. FED. R. CIV. P. 12(b)(4), (5) – Insufficient Process or Service

Subject to and without waiving the foregoing challenge to personal jurisdiction, Marcus Oil India also moves that the subpoena be quashed, as both it and the service thereof are fatally defective, as follows:

#### i. The Burden of Proof

Once the party opposing the subpoena has made a timely objection to the sufficiency of service of process, the party seeking to enforce it has the burden to establish proper service.[17]

#### ii. The Hague Convention

At the outset, the service of the subpoena was improper, as it seeks to bypass the procedures set forth in the Hague Convention, which are required in this case. The United States, the Republic of France, and 15 other Nations [including India] have acceded to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. 7444. As a matter of law, the Hague

---

[16] See, e.g., *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir.2001); *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995).

[17] See *Northrup King Co. v. compania Productora Semillas Algodoneras Selectas*, 51 F.3d 1383, 1387 (8th Cir.1995); *Saez Rivera v. Nissan Mfg.*, 788 F.2d 819, 821 n.2 (1st Cir.1986); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir.1985).

Convention is the law of the United States.[18] The Federal Rules favor the use of the Hague Convention procedures.[19]

Under the Hague Convention, papers may be served, interrogatories propounded, and other documents necessary for the prosecution of a trial obtained from one contracting nation by another.[20] The Convention specifies that when a party fails to secure a witness' voluntary cooperation by notice or commission procedure, it may seek discovery via a letter rogatory-a letter of request from an American judge for the assistance of foreign judicial authority.[21]

American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position.[22] Whether, in a specific case, first resort to the procedures outlined in the Hague Convention is required will be determined by a comity analysis.[23] The factors to be considered are: (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.[24]

---

[18] *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 533, 107 S.Ct. 2542, 2550 (1987).
[19] See, e.g, FED. R. CIV. P. 4(f)(1) and 4(h)(2).
[20] *In re Anschuetz & Co.*, 754 F.2d 602, 609 (5th Cir.1985)
[21] *Id.*
[22] *Societe Nationale*, 482 U.S. at 546, 107 S.Ct. at 2557.
[23] *Id.*, 482 U.S. at 544, 107 S.Ct. at 2556; *see also In re Anschuetz & Co.*, 754 F.2d at 614 ("[T]o say what is proper and permitted as an exercise of power by an American court acting under the federal rules is not necessarily to say that such power should always be employed. Particularly in the realm of international discovery we believe the exercise of judicial power should always be tempered by a healthy respect for the principles of comity.")
[24] *Id.*, 482 U.S. at 544, 107 S.Ct. 2556 n.29.

In the present case, the discovery sought is from a non-party, who is located in a foreign country, and whose responsive documents, if any, are likewise located in that same foreign locale. The burden of having to transport one or more corporate representative(s) (depending upon who is competent as to the designated topics), along with the documents requested, over the thousands of miles between the Indian subcontinent and a Houston law firm, should not, as a matter of comity and simple justice, be borne by a non-party against whom no claim has been asserted.

Furthermore, the discovery requests propounded by Bagherzadeh do not justify compelling Marcus Oil India to respond and appear, as subpoenaed. The discovery requests are not specific, as they essentially amount to "give me anything and everything regarding transactions between HRD and Marcus Oil India." Moreover, to the extent that the documents and information sought should be equally in the possession of HRD, which is both a party and local, Bagerhzadeh has not demonstrated that the items sought are not available through alternate, less burdensome means. Consequently, Bagherzadeh should be required by comity to use the means provided by the Hague Convention, and his subpoena should be quashed.

    iii. <u>Formal Defects in The Subpoena Itself</u>

Even if the Court determines that use of the procedures set out in the Hague Convention is not required, defects in the subpoena itself render it ineffective as a matter of law.

    a. <u>Designated Recipient Is Not An Authorized Agent of Marcus Oil India.</u>

The subpoena was served on Aziz Hassan ("Hassan") in his alleged capacity as President of Marcus Oil India.[25] Assuming, *arguendo*, that Marcus Oil India can be served within a district of the United States (which Marcus Oil India denies), Rule 4(h) authorizes service on a foreign corporation only by either (a) following the applicable state law providing for service; or

---

[25] <u>Exhibit A</u>.

(b) by serving an officer, managing or general agent, or other agent of the foreign corporation authorized by appointment or by law to receive service of process.[26] The president and each vice president of a domestic of foreign corporation is an agent for service of process for the corporation under Texas law.[27]

However, contrary to the subpoena, Hassan is not the president of Marcus Oil India, nor is he a vice president of Marcus Oil India, nor is he otherwise authorized by law or appointment to accept service of process on its behalf.[28] Moreover, the subpoena was served on Hassan at his home address,[29] which is not the business address of Marcus Oil India (that being in another country). Consequently, the subpoena is fatally defective.

### b. No Witness Fee Was Tendered.

In order to compel the attendance of a witness, the attorney issuing the subpoena must tender the statutory witness fee with the subpoena.[30] The methods of calculating the witness fee are set out in 28 U.S.C. § 1821.[31] The failure to tender a witness fee is an adequate ground for the invalidation of a subpoena.[32]

No witness fee was tendered with the subpoena to Marcus Oil India.[33] Consequently, the service of the subpoena is fatally flawed.

---

[26] FED. R. CIV. P. 4(e)(1), 4(h)1; see also *Bell v. Holloway*, 2007 WL 4613029 *3 (S.D.Tex. Dec. 31, 2007).
[27] TEX. BUS. ORG. CODE § 5.255(1).
[28] Exhibit B.
[29] Exhibit A and Exhibit B.
[30] FED. R. CIV. P. 45(b)(1); *In re Dennis*, 330 F.3d 696, 704 (5th Cir.2003); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir.1989).
[31] 28 U.S.C. § 1821(b) (witness must be paid $40.00 per day plus travel time).
[32] *In re Dennis*, 330 F.3d at 704-05; see also *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir.1983).
[33] Exhibit A and Exhibit B.

### c. No Mileage Allowance Was Tendered.

In order to compel the attendance of a witness, the attorney issuing the subpoena must tender a reasonable mileage allowance with the subpoena.[34] The methods of calculating the mileage allowance are set out in 28 U.S.C. § 1821.[35] The failure to tender a mileage allowance is an adequate ground for the invalidation of a subpoena.[36]

No mileage allowance was tendered with the subpoena to Marcus Oil India.[37] Thus, the service of the subpoena is fatally defective.

### d. No Subsistence Allowance Was Tendered.

In order to compel the attendance of a witness, the attorney issuing the subpoena must tender a subsistence allowance with the subpoena when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.[38] Given that the witness would be coming from India, it is reasonable to expect that they will be required to stay overnight, and the tender of a subsistence allowance is therefore required. No subsistence allowance was tendered with the subpoena to Marcus Oil India.[39]

For the foregoing reasons, both the subpoena and the service thereof are fatally defective, and Marcus Oil India therefore moves that it be quashed.

---

[34] FED. R. CIV. P. 45(b)(1), 28 U.S.C. § 1783(b); *In re Dennis*, 330 F.3d at 704; *Tedder*, 890 F.2d at 211 (9th Cir.1989).
[35] 28 U.S.C. § 1821(c) (witness must be paid all actual expenses of travel by common carrier (e.g., airline), as well as all applicable toll charges).
[36] *In re Dennis*, 330 F.3d at 704-05; *see also CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir.1983).
[37] Exhibit A and Exhibit B.
[38] 28 U.S.C. §§ 1783(b) and 1821(d).
[39] Exhibit A and Exhibit B.

### C. FED. R. CIV. P. 45(c)(3)(A) – Mandatory Grounds for Quashing the Subpoena

A court, on timely motion, must quash or modify a subpoena that is opposed on any of the grounds listed in Rule 45(c)(3)(A).[40] Marcus Oil India objects to the subpoena and moves that it be quashed for the following reasons:

#### i. Unreasonable Time

A subpoena must be quashed if it does not allow a reasonable amount of time for compliance.[41] Bagherzadeh's subpoena was issued on September 15, 2011, and was served at some indeterminate time thereafter.[42] It requires Marcus Oil India to (a) designate one or more corporate representatives (depending upon their competence as to the "subjects of examination"; (b) identify responsive documents; and then (c) transport all of the foregoing from India to Houston, Texas by October 17th, 2011, barely a month later.[43] This timeframe is not sufficient or reasonable, and Marcus Oil India therefore objects and moves to quash the subpoena.

#### ii. Unreasonable Travel

A subpoena must be quashed if it requires a person who is not a party or officer of a party to travel more than 100 miles from the place where the person lives, works, or regularly transacts business.[44] The subpoena would require the corporate representative of Marcus Oil India to travel approximately 8000 miles for a deposition in a suit in which neither the representative nor Marcus Oil India is a party.[45] Marcus Oil India therefore objects and moves that the subpoena be quashed.

---

[40] FED. R. CIV. P. 45(c)(3)(A); *Association of Am. Physicians & Surgeons v. Clinton*, 837 F.Supp. 454, 458 n.2 (D.D.C.1993).
[41] FED. R. CIV. P. 45(c)(3)(A)(i).
[42] Exhibit A.
[43] Id.
[44] FED. R. CIV. P. 45(c)(3)(A)(ii).
[45] Exhibit A.

### iii. Privilege

A subpoena must be quashed if it requires disclosure of privileged or protected material.[46] Bagherzadeh's subpoena encompasses, among other things, any and all matters and documents related to patents and intellectual property held at any time by Marcus Oil India. This would necessarily include communications with and work product by the attorneys who assisted and advised Marcus Oil India in the application for and enforcement of its patents. Any such matters and items are privileged. Accordingly, Marcus Oil India objects and moves that the subpoena be quashed.

### iv. Undue Burden

A subpoena must be quashed if it imposes an undue burden.[47] The standard required to demonstrate undue burden is a lower threshold for a non-party than for a party.[48] Marcus Oil India does not have any stake in the outcome of the action before this Court. It has filed no proof of claim in this proceeding. Yet Bagherzadeh's subpoena would require it to incur the extraordinary expense of hauling people and materials from India to Houston for a deposition, the need for which has not been established by Bagherzadeh.

D.  FED. R. CIV. P. 45(c)(3)(B) – Discretionary Grounds for Quashing the Subpoena

In addition to the aforementioned mandatory grounds, Rule 45 also allows the Court the discretion to quash a subpoena. Marcus Oil India objects to the subpoena and moves to quash it on the following additional grounds:

---

[46] FED. R. CIV. P. 45(c)(3)(A)(iii).
[47] FED. R. CIV. P. 45(c)(3)(A)(iv).
[48] See *Katz v. Batavia Mar. & Sporting Sup.*, 984 F.2d 422, 424 (Fed.Cir.1993) (nonparty status may be considered in weighing burdens imposed); see also *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (nonparties are given "special protection against the time and expense of complying with subpoenas").

i. Trade Secrets

A subpoena may be quashed if it requires disclosure of a trade secret or other confidential information.[49] Bagherzadeh's subpoena would, on its face, compel the disclosure of confidential trade secrets and business information from which it derives its competitive advantage (e.g., customer lists, pricing information, and the details of various patented processes, as well as those for which patent applications may be pending). Moreover, that compelled disclosure would be made to Bagherzadeh, a chemist working in the same industry as Marcus Oil India, i.e., a competitor. Such a disclosure would seriously impair, if not destroy, Marcus Oil India's ability to compete effectively, and should be barred by this Court.

ii. Substantial Travel Expense

A subpoena may be quashed if it requires a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend.[50] Obviously, the cost of traveling from India, along with a substantial portion, if not all, of Marcus Oil India's records, will incur a considerable expense. Given that Marcus Oil India does not "have a dog in this hunt," it is not reasonable to compel it to shoulder this cost.

V. CONCLUSION

WHEREFORE, MARCUS OIL & CHEMICALS PVT. LTD. requests that the Court enter an Order Quashing the subpoena issued by Ebrahim Bagherzadeh. Marcus Oil India requests all other relief to which it is justly entitled.

---

[49] FED. R. CIV. P. 45(c)(3)(B)(i).
[50] FED. R. CIV. P. 45(c)(3)(B)(iii).

        Respectfully submitted,

        HUGHES, WATTERS & ASKANASE, L.L.P.

By:  */s/ Lindsay L. Lambert*
      Lindsay L. Lambert   TBN 11844225
      John P. Barnes        TBN 90001530
      Three Allen Center
      333 Clay Street, 29th Floor
      Houston, TX 77002
      Telephone: 713-759-0818
      Facsimile: 713-759-6834

ATTORNEYS FOR NON-PARTY,
MARCUS OIL & CHEMICALS PVT. LTD.

## CERTIFICATE OF SERVICE

    I hereby certify that on the 3rd day of October 2011, the foregoing instrument was served on counsel/parties of record via the United States District Court's ECF filing/service system and/or by certified mail, return receipt requested, as follows:

Barbara Mincey Rogers
ROGERS & ANDERSON, PLLC
1415 North Loop West, Suite 1020
Houston, Texas 77008

James Matthew Vaughn
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336

Christine A. March
OFFICE OF THE U.S. TRUSTEE
515 Rusk Street, Suite 3516
Houston, Texas 77002

Murray Fogler
Russell S. Post
Brad Coffey
BECK, REDDEN & SECREST
1221 McKinney, Suite 4500
Houston, Texas 77010

L. Lee Thweatt
Joseph D. Terry
TERRY & THWEATT, P.C.
One Greenway Plaza, Suite 100
Houston, Texas 77046-0102

Barnet B. Skelton, Jr.
BARNET B. SKELTON, JR., P.C.
712 Main Street, Suite 1705
Houston, Texas 77002

William C. Ferebee
Jason Frazer
O'DONNELL, FEREBEE, MEDLEY & KEISER, P.C.
450 Gears Road, 8th Floor
Houston, Texas 77067-4522

Tara L. Grundemeier
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 3064
Houston, Texas 77253-3064

Scott J. Freedman
Anne Marie P. Kelley
DILWORTH PAXSON LLP
LibertyView – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey 08002

                                                                           */s/ Lindsay L. Lambert*
                                                                           Lindsay L. Lambert