IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HRD CORPORATION d/b/a | § | |
| MARCUS OIL & CHEMICAL | § | Case No. 11-36020 |
| | § | Chapter 11 |
| DEBTOR | § | |

## RESPONSE TO EMERGENCY MOTION TO QUASH
## AND MOTION TO COMPEL

Dr. Ebrahim Bagherzadeh served a subpoena on Aziz Hassan, seeking a deposition and production of documents from Marcus Oil & Chemical PVT. Ltd. ("Marcus Oil India" or "MOI").  MOI moved to quash the subpoena, making a shotgun set of objections, based upon erroneous factual assumptions and irrelevant legal arguments.

The principal assumption—an incorrect one—underlying the motion to quash is that the subpoena requires someone from India to travel to Houston, with documents, to give a deposition.  This leads MOI to raise due process concerns regarding the jurisdictional reach of the Court[1] and Hague Convention arguments about the adequacy of the subpoena service.  None of that matters here.

---

[1] Though a discussion of personal jurisdiction over MOI is unnecessary for the reasons discussed below, we note that MOI's contacts with this district are numerous, continuous, and systematic.  Millions of dollars of product have been shipped for many years by MOI to HRD in Houston.  Millions of dollars have been wire transferred each month for many years by HRD to MOI.  It would by no means offend fair play and substantial justice to require MOI to appear here and explain why it should be permitted to keep the property and money that belong to the Debtor's estate.

1

## The Role of the Hassan Brothers

Let's start with the basics. MOI is owned by two brothers, Aziz Hassan and Abbas Hassan (there is one other shareholder who holds about 2% of the company). Deposition of Aziz Hassan at 7-8. The Hassan brothers live in Sugar Land, Texas. Aziz Hassan Declaration, Doc. 49-2, Ex. B. These are the same two brothers who own the Debtor in this case. As owners of MOI, the Hassan brothers control the board of directors of MOI. Depo. of Az. Hassan at 14.

There's more. The Hassan brothers are officers of MOI. Aziz Hassan has filed a declaration in support of MOI's motion to quash, swearing that he is not now and has never been president or vice president of MOI. Doc. 49-2, Ex. B. But this declaration is directly contradicted by his sworn deposition testimony, taken on August 11, 2011, that he is currently the vice president of the company, and his brother Abbas is the president. Depo. of Az. Hassan at 14.

## The Control of the Hassan Brothers

Rule 45 of the Federal Rules of Civil Procedure, which is incorporated into the bankruptcy rules, provides a method for requiring a non-party to produce documents in its "possession, custody, or control." Control has been broadly construed as the legal right, authority, or practical ability to obtain the materials upon demand. *See, e.g., S.E.C. v. Credit Bancorp, Ltd.*, 194 F.R.D. 469, 471-72

(S.D.N.Y. 2000). Thus, for instance, a subsidiary corporation in the United States, subject to a court's subpoena power, may be compelled to produce documents in its foreign parent's possession, so long as control is established. *Addamax Corp. v. Open Software Foundation, Inc.*, 148 F.R.D. 462, 464-65 (D. Mass. 1993).

The Hassan brothers control MOI. As owners and directors (and officers) of MOI, they have access to all of MOI's financial information. Any time they want to see information about MOI, all they have to do is ask, and it will be sent to them. This is no idle speculation. It is the testimony of Aziz Hassan. Depo. of Az. Hassan at 83.

The subpoena served on Aziz Hassan was not intended to drag some underling from India to Houston to give a deposition. Were that the case, MOI might have a legitimate argument that the power of this Court does not reach that far. Instead, we seek to depose either of the Hassan brothers—they both live within this district. Each of the Hassan brothers is plainly an authorized agent of MOI. Either of the brothers can answer the questions and provide the documents sought by the subpoena.

<u>The Need for the Subpoenaed Information</u>

The relationship between the Debtor and MOI presents critical issues in this bankruptcy proceeding. The Debtor claims to owe MOI an even $14 million in

unsecured debt.  When Aziz Hassan was asked about this debt, he professed that the Debtor had no records to corroborate it, and that all of the information about it was in the possession of MOI.  *Id.* at 71-76.  It has been almost three months since this bankruptcy was initiated, and we have yet to receive any information, much less satisfactory schedules and documents, that substantiate the numbers the Debtor claims to owe to its affiliate.  The subpoena to MOI is required to obtain this tardy and crucial information.

Moreover, MOI was the recipient of huge preferential transfers from the Debtor (more than $11 million in the year prior to the bankruptcy filing).  And, MOI claims to be the owner of numerous patents and patent applications that by right belong to the Debtor.  The Debtor has already agreed to take steps to get the patents and patent applications back[2], and it has a duty to seek avoidance of the preferential transfers.  Under all these circumstances, for MOI to argue it "does not 'have a dog in this hunt'" (Motion at 12) is ludicrous.  MOI is tied to this bankruptcy with its affiliate in many ways.

---

[2] MOI's assertion that the subpoena seeks "privileged" information about the patents and intellectual property (Motion at 11) can thus be disregarded in light of the Debtor's representation that it is the true owner of these patents.

4

Without the straw man of a witness from India to lean on, most of MOI's technical arguments[3] about subpoena defects, inconvenience or burden melt away. We did not tender travel expenses or subsistence allowance because none is needed. We did provide the witness with the usual $40 witness fee, and we hereby tender a reasonable mileage allowance to permit either of the Hassan brothers to drive from Sugar Land, where they reside, to Houston to give the deposition.

## Conclusion

There is no emergency and there is no reason to grant MOI's motion to quash. The motion should be denied, and MOI should be compelled to comply with the subpoena by producing one of the Hassan brothers for deposition and by producing the requested documents.

---

[3] If we want to get technical, MOI's motion is untimely, at least as it relates to the document requests. "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena was served." Rule 45(c)(as made applicable by Bankruptcy Rule 9016(c)(1)(b)). MOI's motion was served more than 14 days after the subpoena was served. Moreover, MOI failed to comply with the local rule 9013(i) regarding motions for emergency relief—the motion never explains why an emergency exists and fails to provide the required statement regarding the requested "emergency" relief.

Respectfully submitted,

**BECK, REDDEN & SECREST**

_____/s/ Murray Fogler_____
    Murray Fogler
    State Bar No. 07207300
    Russell S. Post
    State Bar No. 00797258
One Houston Center
1221 McKinney, Suite 4500
Houston, Texas 77010
713.951.3700
713.951.3720 (Fax)
mfogler@brsfirm.com

**BARNET B. SKELTON, JR., P.C.**
    Barnet B. Skelton, Jr.
    State Bar No. 18456400
712 Main Street, Suite 1705
Houston, Texas 77002
713.659.8761
713.659.8764 (Fax)
barnetbjr@msn.com


**TERRY & THWEATT, P.C.**
    L. Lee Thweatt
    State Bar No. 24008160
    Joseph D. Terry
    State Bar No. 24013618
One Greenway Plaza, Suite 100
Houston, Texas  77046-0102
713.600.4710
713.600.4706 (Fax)

**ATTORNEYS FOR
DR. EBRAHIM BAGHERZADEH**

6

## CERTIFICATE OF CONFERENCE

I certify that on October 6, 2011, I called lead counsel for MOI in an effort to resolve this matter and left a voice message seeking a conference. As of the time of this response, he has not returned my call.

/s/ *Murray Fogler*

Murray Fogler

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed electronically on October 10, 2011 in compliance with Local Rule LR5.3. As such, this notice was served on all counsel of record who are deemed to have consented to electronic service. Pursuant to Fed.R.Civ.P. 5(d) and Local Rule LR5.3, all other counsel of record or parties in interest not deemed to have consented to electronic service were served with a true and correct copy of the foregoing instrument by U.S. First Class Mail and/or facsimile on the 10th day of October, 2011, as follows:

James Matthew Vaughn
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002-6336

Barbara Mincey Rogers
Rogers & Anderson, PLLC
1415 North Loop West, Suite 1020
Houston, Texas 77008

Christine A. March
Office of the U.S. Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002

William C. Ferebee
Jason Frazer
O'Donnell Ferebee Medley & Keiser, P.C.
450 Gears Road, 8th Floor
Houston, Texas 77067-4522

Tara L. Grundemeier
Linebarger Goggan Blair &
   Sampson, LLP
P.O. Box 3064
Houston, Texas 77253-3064

Scott J. Freedman
Anne Marie P. Kelly
Dilworth Paxon LLP
LibertyView – Suite 700
457 Haddonfield Road
Cherry Hill, New Jersey 08002

/s/ *Murray Fogler*

Murray Fogler

7