UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HRD CORPORATION d/b/a | § | Case No. 11-36020 |
| MARCUS OIL & CHEMICAL | § | |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |

**DEBTORS' EXPEDITED MOTION TO EXTEND EXCLUSIVE PERIODS
IN WHICH TO FILE AND OBTAIN ACCEPTANCES OF A PLAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

HRD Corporation d/b/a Marcus Oil & Chemical (the "Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 case, files this Motion to Extend Exclusive Periods in which to File and Obtain Acceptances of a Plan, and respectfully states as follows:

**I. JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2570912v1

## II. BACKGROUND

2. On July 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Doc. No. 1].

3. The Debtor continues to operate its business and manage its assets as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed in the Debtor's bankruptcy case and no official committee of unsecured creditors has been established.

5. The Debtor is a Texas corporation that processes, buys and sells wax products. The Debtor asserts an ownership interest in hundreds of patents and employs approximately 20 individuals to operate its business.

## III. RELIEF REQUESTED

6. The Debtor requests a forty-five (45) day extension of its exclusive period to file a plan of reorganization through and including December 23, 2011 and an additional forty-five (45) day extension of the Debtor's period to obtain acceptances of a plan of reorganization through and including February 6, 2012. The Debtor's current exclusive period to file a plan of reorganization terminates on November 9, 2011.

7. In the course of this case, the Debtor has been forced to divert substantial attention that would have otherwise been directed toward formulating and negotiating a plan of reorganization to other more immediately critical matters, including (among other things) filing extensive amendments to the Debtor's schedules of assets and liabilities and statement of financial affairs, filing current monthly operating reports, addressing the motion to appoint a chapter 11 trustee filed by various creditors in this case (including performing an investigation concerning certain of the claims alleged therein with respect to insider transactions), and retaining John T. Young, Jr. as the Debtor's chief restructuring officer and Conway MacKenzie

Management Services, LLC ("CMS") to provide additional restructuring services and support to Mr. Young and the Debtor. Through the efforts of Mr. Young and CMS, the Debtor has been able to update its accounting and bookkeeping functions, thus ensuring its compliance with the reporting requirements of a debtor in possession and the information requests of creditors in this case.

8. All of these efforts have taken a significant amount of time since the filing of the case. Nevertheless, the Debtor recognizes the importance of proposing a confirmable chapter 11 plan of reorganization and obtaining the support of creditors and other parties in interest. The Debtor believes that it only needs an additional forty-five (45) days to file its chapter 11 plan of reorganization.

9. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may, upon showing of cause, extend or increase a debtor's period of exclusivity. While the Code does not define "cause," courts have referred to the cause standard set forth in Section 1121(d) as a general standard that allows the Bankruptcy Court "maximum flexibility to suit various types of reorganization proceedings." *In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 409 (E.D. N.Y. 1989) (citing *In re Public Serv. Co. of N.H.,* 88 B.R. 521, 534 (Bankr. D. N.H. 1988); *In re Amko Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996)).

10. This Motion is filed neither for the purpose of delay nor with the intent to gain undue advantage in this case. Rather, the circumstances of this case mandate that more time is necessary to formulate, negotiate and insure implementation of reasonable and effective plan terms.

11. Further the Debtor is operating its business and paying its bills as they come due. With the assistance of the CRO and his team, the Debtor has turned around its accounting and

2570912v1

financial reporting functions, thereby demonstrating that it has reasonable prospects for filing a viable plan.

12. The existing facts and circumstances of this chapter 11 case and the fact that this is the Debtor's first request for an extension, amply support the requested extension of the exclusive filing period. The extension requested is reasonable and realistic in view of the circumstances of this case, the nature of the Debtor's business and the need to afford the Debtor a reasonable opportunity to negotiate with its creditors, evaluate their claims and propose a plan of reorganization consistent with the purpose and policy of chapter 11.

13. Dr. Bagherzadeh, the creditor who initially filed the motion to appoint a chapter 11 trustee, as well as The Dow Chemical Company and Dow Chemical Canada ULC have both agreed to the Debtor's proposed extension.

WHEREFORE, the Debtor respectfully requests entry of an order (i) extending the exclusive period to file a plan of reorganization through and including December 23, 2011; (ii) extending the period to obtain acceptances of a plan of reorganization through and including February 6, 2012; and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of November, 2011.

/s/ James Matthew Vaughn
James Matthew Vaughn
State Bar No. 24028088
Porter Hedges LLP
1000 Main, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6287
mvaughn@porterhedges.com

Counsel for the Debtor and Debtor in Possession

2570912v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by United States first class mail, postage prepaid, on the 9th day of November 2011, on the parties listed on the attached Service List

/s/ James Matthew Vaughn
James Matthew Vaughn

**SERVICE LIST**

<u>Debtor</u>
HRD Corporation
P.O. Box 450267
Houston, TX  77245

<u>U.S. Trustee</u>
Christine March
U.S. Trustee's Office
515 Rusk Street, Suite 3516
Houston, TX  77002-2604

<u>Creditors</u>
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19114

Dow Chemicals
Dow Center
Midland, MI  48674

Dr. Ebrahim Bagherzadeh
c/o Murray J. Fogler
1221 McKinney St., Suite 4500
Houston, TX  77010

Marcus Oil & Chemical India
Village Kesaberia
Haldia, India

Rig Runner Express, Inc.
300 McCarty Street
Houston, TX  77039

<u>Parties Requesting Notice</u>
Murray Fogler
Russell S. Post
Beck, Redden & Secrest
1221 McKinney, Suite 4500
Houston, TX  77010

L. Lee Thweatt
Joseph D. Terry
Terry & Thweatt, P.C.
One Greenway Plaza, Suite 100
Houston, TX  77046-0102

Barnet B. Skelton, Jr.
712 Main Street, Suite 1705
Houston, TX  77002

Harris County
c/o Tara L. Grundemeier
Post Office Box 3064
Houston, TX  77253-3064

Baker Botts LLC
1299 Pennsylvania Ave, NW
Washington, DC  20004-2408

Centerpoint Energy Services, Inc.
1111 Louisiana St, 30th Floor
Houston, TX  77002-5230

City of Houston
c/o Denise L. Miller
P.O. Box 368
Houston, TX  77001-0368

DHL Danzas
14075 Collections Center Dr.
Chicago, IL  60693-0140

DHL Global Forwarding
14075 Collections Center Drive
Chicago, IL  60693-0140

Dow Chemicals
Dow Center
Midland, MI  48674-0001

Harris County et al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, TX  77253-3064

Mode Transportation
3050 Highland Parkway, Suite 100
Downers Grove, IL  60515-5565

Pitney Bowes
1 Elmcroft Road
Stamford, CT  06926-0700

Pitney Bowes Global Financial Services
27 Waterview Drive
Shelton, CT  06484-4301

Potter Anderson & Corroon LLP
P.O. Box 951
Wilmington, DE  19899-0591

Tybout Redferan & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE  19801-5158

Westlake Longview Corporation
P.O. Box 281888
Atlanta, GA  30384-1888

Westlake Polymers LLC
2801 Post Oak Blvd., Suite 600
Houston, TX  70056-6110

Barbara Mincey Rogers
Rogers & Anderson, PLLC
1415 North Loop West, Suite 1020
Houston, TX  77008-1659

Ann Marie P. Kelley
Scott J. Freedman
Dilworth Paxson LLP
457 Haddonfield Road, Suite 700
Cherry Hill, NJ  08002